**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**UNITED STATES OF AMERICA,**

                **Plaintiff,**
                v.                                              09-CR-079S

**STEVEN D. BLUMHAGEN,**

                **Defendant.**
_____

## DECISION AND ORDER

        This case was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #27.

        Presently pending is the government's request for this Court to undertake an *in camera* review of two draft plea agreements and "to determine whether these documents should be produced to Mr. Convissar or whether they are protected by the attorney work-product privilege." *See* November 16, 2012 letter from Assistant United States Attorney Edward H. White. For the reasons set forth below, the Court directs that the two draft plea agreements submitted to the Court for its *in camera* review be disclosed to counsel for defendant Blumhagen.

        On April 19, 2010, defendant Blumhagen filed a motion to dismiss the Indictment. Dkt. #25. Thereafter, defendant Blumhagen's counsel sought to withdraw, this Court granted that motion on July 2, 2010 and was advised that defendant

Blumhagen intended to retain new counsel.  After several months wherein defendant Blumhagen attempted to retain new counsel, this Court appointed Criminal Justice Act Panel Attorney Robert Convissar to represent the defendant on October 12, 2010.  On March 9, 2012, a supplemental motion to dismiss the Indictment was filed.  Dkt. #89.  The government filed its response to the motions to dismiss on April 30, 2012 (Dkt. #93) and the defendant filed his reply on May 17, 2012 (Dkt. #97).  This Court held a status conference and heard oral argument on June 25, 2012, wherein an evidentiary hearing was scheduled to commence on September 11, 2012.

During the June 25, 2012 conference, the Court stated that based on its review of the motion papers, it perceived one of the issues to be that at one time the government and the defendant had agreed to resolve the Tee to Green and Advance Fee schemes in one plea agreement, and further, that the government had even agreed to recommend a specific sentence pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).  The plea was scheduled, however, on March 23, 2006, Judge Skretny rejected the 11(c)(1)(C) plea agreement as proposed by the parties.  Thereafter, the parties resumed their negotiations, exchanged numerous draft plea agreements and ultimately on April 18, 2006, defendant Blumhagen entered a plea of guilty before Judge Skretny.  The government maintains that the plea entered by defendant Blumhagen was only to conduct relating to the Tee to Green scheme and further, that the defendant understood that he could still be prosecuted for other criminal conduct, *to wit*, the Advance Fee scheme.

As set forth in the pending motions to dismiss, the defendant maintains that he accepted the plea offer from the government and entered a plea of guilty on April 18, 2006 believing that it included both the Tee to Green and Advance Fee schemes. Because certain provisions in the April 18, 2006 plea agreement, standing alone, are ambiguous, the Court stated that it does not know what was intended to be covered by the government in the original plea agreement as it was initially presented to Judge Skretny, as compared to the plea agreement entered into by the defendant on April 18, 2006. Accordingly, the Court concluded that it needed to hear from the Assistant United States Attorney involved in the matter at the time, Trini Ross.

The evidentiary hearing was not held on September 11, 2012 and was re-scheduled to October 16, 2012. At the conclusion of the direct and cross examination of the government's first witness, Assistant United States Attorney Trini Ross, the Court directed the government to provide defendant's counsel with copies of draft plea agreements submitted to defendant's attorneys after March 23, 2006. The Court scheduled the evidentiary hearing to continue on November 13, 2012. On November 2, 2012, the government filed a motion *in limine* requesting permission to introduce the testimony of the defendant's prior attorneys in the Tee to Green matter. Dkt. #100. Although counsel for the defendant has not filed a formal opposition to the pending motion *in limine*, the Court understands that the defendant intends to file an opposition to the relief requested. Based on the representations made by counsel for the government prior to the continued date for the evidentiary hearing, that the parties were

discussing a resolution to the government's motion *in limine*, the Court issued a Text Order on November 9, 2012 adjourning the evidentiary hearing *sine die.*

One week later, the Court received an *ex parte* communication from counsel for the government stating that consistent with this Court's directive issued at the conclusion of the first day of testimony, the government "produced several draft plea agreements to Robert Convissar, as well as related emails, on November 9, 2012." In addition to those it had already disclosed, the government had located two draft plea agreements which they submitted for *in camera* review and which they described as follows, they "do not appear to have been circulated to defense counsel and thus, may be protected by the attorney work-product privilege. The government has informed Mr. Convissar of the existence of these two draft plea agreements but has not provided copies of them to him."

The Court has undertaken an *in camera* review of the two draft plea agreements supplied by counsel for the government and has compared them to the final, executed plea agreement. Based on this review, it is the Court's opinion that the drafts submitted for *in camera* review are narrower or more restrictive than the final, executed version. Thus, by the government's own internal documents, the progression of drafts reviewed by this Court expanded what was covered by the plea agreement, culminating in the final, executed plea agreement. Accordingly, the Court concludes that the defendant should be permitted to review the draft plea agreements insofar as

the drafts demonstrate the government's thought processes and intent and may help to resolve the ambiguity in the final, executed plea agreement. The government is hereby directed to disclose to the defendant the two draft plea agreements submitted for *in camera* review no later than December 28, 2012.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Decision and Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**


DATED:	Buffalo, New York
	December 11, 2012


											*s/ H. Kenneth Schroeder, Jr.*
											**H. KENNETH SCHROEDER, JR.**
											**United States Magistrate Judge**